**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| THOMAS C.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>Defendant. | C.A. No. 1:26-cv-112-MSM-AEM |

**MEMORANDUM AND ORDER**

Mary S. McElroy, United States District Judge.

The plaintiff, Thomas C., brings this action pursuant to 42 U.S.C. § 405(g) for review of the Commissioner of Social Security's denial of his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II of the Social Security Act. ECF No. 1. Before the Court are Thomas's Motion to Reverse the Decision of the Commissioner (ECF No. 9) and the defendant Commissioner's Motion to Affirm that decision ECF No. 10. After reviewing the record and the parties' submissions, the Court GRANTS the Commissioner's Motion to Affirm and DENIES Thomas's Motion to Reverse.

## I. BACKGROUND

Thomas applied for DIB and SSI on January 3, 2022, alleging disability beginning February 27, 2020, due to pain and other issues involving his knee, depression, arthritis, and ADHD. ECF No. 6 at 417–429, 482. His claim was initially

denied on April 28, 2023, and again upon reconsideration on December 4, 2023. *Id.* at 205–212, 228–232. After a hearing with an Administrative Law Judge (the "ALJ") held on December 4, 2023, the ALJ issued a decision finding that Thomas was not disabled. *Id.* at 178–91. The ALJ made her decision through the five-step sequential evaluation provided for in 20 C.F.R. § 404.1520(a). *Id.* As part of that decision, she determined that, although Thomas had several physical and psychological impairments, he retained the residual functional capacity to perform certain kinds of work. *Id.* at 184. As relevant here, the ALJ found that he remained able to "frequently interact with supervisors" and "could occasionally interact with coworkers and the general public." *Id.*

Thomas appealed that decision to the Appeals Council, which remanded his case to the ALJ to resolve two issues. *Id.* at 200–01. First, the Appeals Council determined that his claim file contained a June 10, 2022, function report that was material to Thomas's claim and should consequently have been admitted into the record as an exhibit and considered by the ALJ. *Id.* at 200. Second, the Appeals Council found that the ALJ's decision did not contain "an adequate evaluation of opinion evidence in assessing the claimant's residual functional capacity" because it did not address the consistency of relevant medical opinions with other sources, including evidence suggesting that he had difficulties with collaboration and was irascible during a consultative examination. *Id.* at 200–01.

On remand, the ALJ held a second hearing with Thomas before issuing another unfavorable decision on September 18, 2025. *Id.* at 20–49. Through the same five-

step sequential evaluation process as in her first decision, the ALJ again determined that, although Thomas had physical and psychological impairments, he retained a sufficient residual functional capacity to perform light work. *Id.* at 31–41. This time, however, the ALJ included a more extensive review of the medical opinion and other record evidence and concluded that he "can *occasionally* interact with supervisors and coworkers" and that he "can *never* interact with the general public." *Id.* at 31 (emphasis added). Thomas requested the Appeals Council review the ALJ's second decision, arguing that the ALJ failed to comply with the Appeals Council's remand instructions. *Id.* at 606–11. The Appeals Council denied that request, finding "no reason under [its] rules to review the Administrative Law Judge's decision." *Id.* at 7. Thomas then filed this suit. ECF No. 1.

## II. STANDARD OF REVIEW

The Commissioner's factual findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The Court must uphold the Commissioner's findings if the evidence as a whole could reasonably support that conclusion. *Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222–23 (1st Cir. 1981) (citing Consol. Edison Co., 305 U.S. at 229). If substantial evidence supports the Commissioner's decision, the Court should affirm it, "even if the record arguably could justify a different conclusion." *Rodriguez*

*Pagan v. Sec'y of Health & Hum. Servs.*, 819 F.2d 1, 3 (1st Cir. 1987). That said, the ALJ's findings are "not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. DISCUSSION

Thomas's only argument is that the ALJ failed to sufficiently address the issues identified by the Appeals Council in its remand order. ECF No. 9 at 8–12. Specifically, he contends that the ALJ's decision does not meaningfully and specifically address the consistency of medical opinion evidence from two doctors with other medical and nonmedical evidence in the record. *Id.* While the Appeals Council implicitly rejected his argument that the ALJ did not comply with its own remand order by denying review of the ALJ's second decision, he asks the Court to reverse or remand that second decision through its own review of the record. *Id.* at 12.

The first of the medical opinions at issue was that of Dr. Schwartz, a psychological consultative examiner. *See* ECF No. 6 at 947–956. Dr. Schwartz based her opinion on a clinical interview and some of Thomas's prior medical records. *Id.* at 947. In the relevant part of her opinion, she concluded that he was moderately limited in his ability to understand, remember, and follow directions and moderately to severely limited in his ability to respond appropriately to customary work pressures, colleagues, and supervisors. *Id.* at 955. She also concluded that his social skills were mildly to moderately impaired and that he demonstrated limited coping skills. *Id.*

The second relevant opinion was that of Dr. Killenberg, a state agency psychological consultant. *Id.* at 149–50, 154–55. Dr. Killenberg based her opinion on two assessments of Thomas, and concluded, among other findings, that he was "poorly suited to tasks that require sustained interpersonal contact," could "sustain interactions in work settings with minimal interpersonal and conversational demands," and would be "prone to occasional irritable verbal outbursts with supervisors." *Id.* at 155.

The Appeals Council's remand order directed the ALJ to evaluate the consistency of these two medical opinions with two other reports by Thomas's medical providers. First, Dr. Hahn noted that Thomas had a "h[istory] of conflicts with others" and was "not suited for direct and sustained interface with the public or frequent collaboration with bosses and co-workers. *Id.* at 124, 138. Second, Dr. Hyde reported that, during a mental status examination of Thomas, his "speech was loud and pressured," he occasionally used profanity, and he became agitated during part of the examination. *Id.* at 819.

Having reviewed the administrative record before it, the Court is satisfied that the ALJ's decision sufficiently addressed the consistency of these medical opinions with the other objective evidence referred to by the Appeals Council. In her decision, the ALJ re-evaluated the opinions of Dr. Schwartz and Dr. Killenberg, found them persuasive in part, and determined that Thomas was subject to greater limitations regarding interaction with supervisors and the general public. *Id.* at 31, 37–39. The ALJ expressly noted that Dr. Schwartz's opinion regarding Thomas's limitations on

interacting with others were "supported by corresponding exam findings and consistent with the record as a whole," that Dr. Killenberg's opinion described "moderate limitations" in social functioning "like [Thomas's] initial assessment," and that Dr. Killenberg's opinion described "moderate limitations in the area of adapting and managing oneself, which [were] more consistent with the claimant's longitudinal history of irritability and difficulty getting along with others." *Id.* at 38. The ALJ reviewed the corresponding exam findings, Thomas's initial assessment, and his longitudinal history elsewhere in her decision, *see id.* at 29–36, and she was permitted to refer back to that review when discussing Dr. Schwartz's and Dr. Killenberg's opinions. *See Knapp v. Sec'y of Health & Hum. Servs.*, 810 F.2d 315, 316 (1st Cir. 1987) ("We read the [ALJ's] opinion as a whole[.]").

To the extent that Thomas more specifically challenges the consistency of the ALJ's conclusions with Dr. Killenberg's medical opinion, *see* ECF No. 9 at 11–12, the Court is also satisfied that the ALJ's finding that Thomas could occasionally interact with co-workers and supervisors was supported by substantial evidence. "'Occasionally' means occurring from very little up to one-third of the time, and would generally total no more than about 2 hours of an 8-hour workday." Social Security Ruling 96-9p, 1996 WL 374185, at *3 (July 2, 1996). Dr. Killenberg's restriction of Thomas to "minimal interpersonal and conversational demands" is not inconsistent with this definition of "occasionally." And the ALJ's determination that Dr. Killenberg's finding that Thomas would be "prone to occasional irritable verbal outbursts with supervisors" was not a vocationally defined or relevant term is not

"reversible error in and of itself" as Thomas suggests. *See* ECF No. 9 at 12; *compare Ronald P. v. Comm'r of Soc. Sec.*, No. 1:22-cv-163, 2022 WL 11615725, at *5 (S.D. Ohio Oct. 20, 2022) (finding that a medical opinion that a claimant was "likely prone to agitated outbursts," was "vague [and] not vocationally relevant").

## IV. CONCLUSION

For these reasons, the Court GRANTS the Commissioner's Motion to Affirm (ECF No. 10) and DENIES Thomas's Motion to Reverse (ECF No. 9).

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge
October 14, 2026